IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON HALL, SAMUEL KECK, and PAUL EISENHOWER, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>BEST BUY CO., INC., BBC INVESTMENT CO., BBC PROPERTY CO., AND BEST BUY STORES, L.P.,<br><br>Defendants. | Civil Action No. 07-4724 |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND
ENHANCEMENT AWARDS FOR CLASS REPRESENTATIVES

## TABLE OF CONTENTS

Table of Authorities .......................................................................................... ii

PRELIMINARY STATEMENT ........................................................................... 1

PROCEDURAL HISTORY OF THE ACTION .................................................... 2

    A.    The Litigation .......................................................................... 2

    B.    The Settlement Agreement ...................................................... 4

    C.    Preliminary Approval of Settlement ....................................... 7

    D.    Summary of Claims Process .................................................... 7

ARGUMENT ....................................................................................................... 9

I.    THE AWARD OF ATTORNEYS' FEES AND EXPENSES SHOULD BE APPROVED ........................................ 9

    A.    The Fees and Expenses Requested Are Reasonable And Have Been Agreed Upon by All Parties .......................... 9

II.    THE COURT SHOULD APPROVE THE CLASS REPRESENTATIVES' ENHANCEMENTS ................... 12

CONCLUSION .................................................................................................. 13

## TABLE OF AUTHORITIES

<u>Cases</u>

*Blum v. Stenson*,
   465 U.S. 886, 104 S.Ct. 1541 (1984) .......................................................................... 11

*Boeing Co. v. Van Gamert*,
   444 U.S. 472 (1980) ................................................................................................... 10

*Hicks v. Morgan Stanley*,
   01 Civ. 10071, 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) .................................... 12

*In re AT&T Corp.*,
   455 F.3d 160 (3d Cir. 2006)....................................................................................... 12

*In re Dun & Bradstreet Credit Services Customer Litig.*,
   130 F.R.D. 366 (S.D. Ohio 1990) .............................................................................. 13

*In re Ins. Brokerage Antitrust Litig.*,
   579 F.3d 241 (3d Cir. 2009)....................................................................................... 12

*In re Mego Financial Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ...................................................................................... 13

*In re Second Pennsylvania Real Estate Corp.*,
   192 B.R. 663, 666-667 (Bankr. W.D. Pa. 1995) ........................................................ 10

*Strougo v. Bassini*,
   258 F. Supp. 2d 254 (S.D.N.Y. 2003) ........................................................................ 11

*Trustees v. Greenough*,
   105 U.S. 527 (1881) ..................................................................................................... 9

Plaintiffs hereby move and respectfully submit this memorandum of law in support of Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Enhancement Awards for Class Representatives.

## PRELIMINARY STATEMENT

Plaintiffs respectfully submit that the settlement in the instant action is fair, adequate and reasonable and provides adequate redress of Plaintiffs' claims against Best Buy arising from Plaintiffs' allegations that Best Buy failed to adequately compensate Plaintiffs for time worked in Best Buy's retail stores.  The parties have jointly moved for final approval of proposed settlement, and have therein more fully set forth why the settlement is fair, adequate and reasonable and should be approved.

Plaintiffs herein move for an award of Class Counsels' fees and expenses amounting to $300,000 and a $5,000 enhancement award for each Class Representative or a total of $15,000 in enhancement awards.  As will be demonstrated, the fee award requested is within the parameters of fees awarded by this Court in precedent cases and is fair and reasonable especially in light of the fact that it is far less than Class Counsels' combined lodestar and expenses.  Moreover, by agreement of the parties, the $300,000 in fees and expenses and $15,000 in enhancement awards are to be paid separately by Best Buy, and thus any alteration by the Court of such amount would not affect the amounts to be paid to current and former employees under the settlement.

Best Buy does not oppose Plaintiff's Motion for Award of Attorneys' Fees and Expenses and Enhancement.  Moreover, the Class Notice disclosed to Class members that Class Counsel would seek $300,000 in fees and expenses and $15,000 in enhancement awards for the Class

Representatives.  The deadline for objections is September 9, 2010.  To date there have been no objections to the fees or enhancement awards requested.

## PROCEDURAL HISTORY OF THE ACTION

**A.    The Litigation**

On October 17, 2007, Jason Hall commenced this putative class action against Best Buy Co., Inc. in the Pennsylvania Court of Common Pleas, Philadelphia County.  The case was removed to the United States District Court for the Eastern District of Pennsylvania pursuant to the Class Action Fairness Act of 2005.  On December 5, 2007, Samuel Keck and Paul Eisenhower joined the Litigation as named Plaintiffs, and all three (the "Class Representatives") filed an Amended Class Action Complaint against Best Buy Co., Inc., BBC Investment Co., BBC Property Co., and Best Buy Stores, L.P. (collectively, "Best Buy").

The Class Representatives were hourly wage employees who worked closing shifts at Best Buy stores in Pennsylvania during a period beginning October 17, 2003 and ending November 3, 2009 (the "Class Period").  The Class Representatives filed this action as a class action on behalf of themselves and all other hourly wage employees who worked closing shifts at Pennsylvania Best Buy stores during the Class Period.  The Class Representatives allege that they and all class members were required to "clock out" before going through mandatory security inspections that took place before they could leave the store for the day.  Therefore, they allegedly were not paid for the time spent awaiting and going through such security inspections. In the Litigation, the Class Representatives alleged that they and the class members (i) were not paid the required minimum wage compensation for all of the time they worked, (ii) were not paid the required wage compensation for overtime they worked, and/or (iii) were not paid all wages that were due to them.  Specifically, Plaintiffs alleged that Best Buy violated the Pennsylvania

Minimum Wage Act of 1968, as amended, 43 Pa. C.S.C. § 333.101, *et seq.*, and the Pennsylvania

Wage Payment and Collection Law, 43 Pa. C.S.A. § 260.1, *et seq.* (the "Litigation").

The Class Representatives alleged that such practices also gave rise to Pennsylvania

common law claims against Best Buy for breach of contract and unjust enrichment. The Class

Representatives sought recovery for unpaid wages, unpaid minimum wages, unpaid overtime

compensation, restitution and interest, liquidated damages, punitive damages, penalties,

restitution, attorneys' fees and litigation costs under applicable Pennsylvania wage and hour

laws.

The parties engaged in discovery though production and review of documents and other

materials and the testimony of witnesses at depositions, in this and a similar case prosecuted by

the same counsel in the Eastern District of New York.[1] Each of the Class Representatives

produced all relevant documents and materials relating to employment that remained in their

custody or control, and each Class Representative testified at a deposition. Additionally, Best

Buy took the depositions of former employees who agreed to join the named Plaintiffs in the

Litigation. Best Buy produced both paper documents and materials such as manuals and

policies, video and electronic data relating to the time keeping of its employees. In addition,

Best Buy corporate representatives testified at depositions.

The parties in this Litigation disagreed as to the probable outcomes of the Litigation if it

were not settled. While the Class Representatives and Best Buy each believed their positions

would be vindicated at trial, the Class Representatives recognized that litigating is a risky

proposition and that they may not have prevailed on any or all of their claims, and Best Buy also

---

[1] The New York action has been settled on similar terms, the Final Approval Hearing took place on September 22, 2010 and an Order Granting Final Approval was entered on September 28, 2010. *See* Exhibit 1 to the Declaration of Gerald Lawrence ("Lawrence Decl."), filed herewith.

recognized the benefits of settlement in lieu of the risks, distractions, and costs involved with litigation.

**B.    The Settlement Agreement**

On November 3, 2009, after exchanges of information, and months of negotiations through counsel experienced in these types of cases, the Settling Parties entered into a Settlement Agreement dated as of November 3, 2009 (the "Settlement Agreement").

The Settlement Class is defined as follows:

> All persons who were employed by Best Buy Co., Inc. in a non-exempt position at a retail store in Pennsylvania at least one day between at October 17, 2003 and November 3, 2009.

The Settlement Agreement provides the following relief for class members. All subject to final approval by the Court:

1.    Best Buy has agreed to pay up to $592,566 to resolve class members' claims, plus $15,000 to the Class Representatives and $300,000 for the Class' counsels' fees and expenses, for a total commitment of $907,566.

2.    The gross settlement fund has been allocated among class members as follows: (a) up to $241,757 for all class members who are current employees and who properly submit a timely Consent to Join Settlement and Claim Certification Form, and (b) up to $350,809 for all class members who are former employees and who properly submit a timely Consent to Join Settlement and Claim Certification Form.

3.    Best Buy will make a settlement payment to each class member who properly submits a timely Consent to Join Settlement and Claim Certification Form according to a formula which is based on, *inter alia*, whether the class member is a current or former employee as of the date of the execution of the parties' Settlement Agreement, the number of class

members participating in the settlement, and the number of closing shifts each class member

worked.  (The details of this formula are in the Class Notice, Lawrence Decl. Ex. 2).

4.      Class members who properly submit timely Consent to Join Settlement and Claim

Certification Forms may receive additional wages in an amount equal to $0.50 for each closing

shift they worked while employed by Best Buy during the Class Period.  For example, if a

participating class member worked 200 closing shifts during the Class Period, he or she would

receive $100 in additional wages under the settlement.  Any payment made pursuant to this

Settlement to a Participating Claimant will be subject to required wage holdings and deductions;

therefore, the net payable amount will be less than the gross amount of the settlement sum.  Any

class member who properly submits a timely Consent to Join Settlement and Claim Certification

Forms but worked fewer than five (5) closing shifts, shall be treated as if he/she worked five (5)

closing shifts for purposes of this settlement.  The actual number of closing shifts credited to

each class member will be based upon Best Buy's records and will be stated in the Consent to

Join Settlement and Claim Certification Form sent to that class member with the Class Notice.

5.      In the event that this settlement payment formula would result in a cumulative

total settlement amount greater than $241,757 for current employees, each current employee who

properly submits a timely Consent to Join Settlement and Claim Certification Form would then

share in the fund's monies on a pro rata basis accounting for the number of closing shifts each

worked during the Class Period.

6.      In the event that this settlement payment formula would result in a cumulative

total settlement amount greater than $350,809 for former employees, each former employee who

properly submits a timely Consent to Join Settlement and Claim Certification Form would then

share in the fund's monies on a pro rata basis accounting for the number of closing shifts each worked during the Class Period.

7.      In addition to the monetary relief set forth above, there is prospective non-monetary relief for Best Buy employees that will assure that employees are paid for all time they are required to spend at a store.  Best Buy has modified its Standard Operating Procedure Manual to include language substantially similar to the following and agrees to retain this language for no less than two (2) years:

> "Only Managers, Key-Holding Supervisors, or Inventory/LP Team Members are authorized to unlock the front doors for exiting employees when the store is closed. Observe the following:
>
> Employees must wait for the Manager, Key-Holding Supervisor, or Inventory/LP Team Member at the Loss Prevention desk.
>
> Employees must remain punched in until the Manager, Key-Holding Supervisor, or Inventory/LP Team Member is available.
> **Note:** At no time should an employee punch out and wait to be let out of the store. All employee-waiting time must be on the clock."

8.      Defendants shall pay each Class Representative $5,000.00, as an individual enhancement ($15,000.00 in total), less applicable payroll tax withholding, subject to approval by the Court.

9.      Defendants will pay up to $300,000 to Plaintiffs' Counsel for attorneys' fees and litigation costs, subject to approval by the Court.

10.      The parties have proposed the Garden City Group as the claims administrator, and Best Buy has agreed to pay the fees and expenses incurred by the claims administrator.

**C.    Preliminary Approval of Settlement**

On January 27, 2010 Class Representatives submitted Plaintiffs' Application for Preliminary Approval of Class Action Settlement, Certification of Settlement Class, Approval of Claims Administrator and Publication of Notice.  Dkt. No. 32.  A hearing on Plaintiffs' Motion was held on February 19, 2010.  On March 4, 2010, Plaintiffs filed a Revised Proposed Order and Revised Proposed Notice to Class Members.  Dkt. No. 36.  On May 12, 2010, the Court issued an Order Granting Preliminary Approval of Class Settlement.  Dkt. No. 37.  The Court designated Plaintiffs Jason Hall, Samuel Keck and Paul Eisenhower as Class Representatives and designated the law firms of Lowey Dannenberg Cohen & Hart, P.C. ("Lowey Dannenberg"), Egan Young, P.C. and Caldwell Law Office LLC as Class Counsel.  Lowey Dannenberg was appointed as Lead Class Counsel/Chair of the Executive Committee.

Additionally, the Court approved the Garden City Group ("GCG") as the neutral third-party Claims Administrator and authorized that notice, in the form as attached to Exhibit 1 of the June 16, 2010 Declaration of Jennifer M. Keough Regarding Notice Dissemination ("Keogh Notice Decl.") (Dkt. No. 39) be sent to the Settlement Class (defined above).  On June 4, 2010, the Court entered a Modification Order re: Preliminary Approval of Class Settlements setting the Final Approval Hearing for October 22, 2010.

**D.    Summary of Claims Process**

By June 11, 2010, GCG had mailed Notice Packets to 20,455 Class Members.  The Notice Packets consisted of: the Notice to Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement; the Change of Name and/or Address Information Form; the Election to Opt Out of Settlement and Class Action Form; and

the Consent to Join Settlement and Claim Certification Form. *See* Keogh Notice Decl. ¶¶ 3-4

and Exhibit A thereto (Dkt. No. 39).

The Class Notice provided detailed information concerning: (a) the rights of Class

members, including the manner in which objections or exclusions could be lodged; (b) the

nature, history and progress of the litigation; (c) the proposed settlement and reasons therefore;

(d) the process for filing Consent to Join Settlement and Claim Certification Forms; (e) a

description of the settlement payment formula; (f) the fees and expenses to be sought by Class

Counsel (g) the date, time and place of the Final Approval Hearing to take place before this

Court; (h) the necessary information for the examination of the Court record should any Class

member elect to do so; and (i) the identification of counsel to contact with questions regarding

the Settlement. *See* Ex. 2 to Lawrence Decl.

GCG also established a toll-free number to further assist Class members in obtaining

additional information to understand their rights with respect to the Settlement, including the

right to object or opt-out of the litigation, or to file a proof of claim. The Notice and Joint

Stipulation and Settlement Agreement were available on GCG's website. Class members were

given until September 9, 2010 to mail the Consent to Join Settlement and Claim Certification

Form.

The Class Notice advised Class members of the September 9, 2010 deadline for filing

exclusions from the Settlement and the September 9, 2010 deadline for filing objections to the

Settlement. *See* Ex. 2 to Lawrence Decl. A final report of the Claims Administration is filed

herewith. *See* Declaration of Jennifer M. Keough and Final Report of Claims Administrator

("Keogh Decl."). As of October 8, 2010 no objections have been filed and 38 timely and 1 late

request for exclusion have been submitted. Keogh Decl. ¶¶ 9-10. As of the same date, the

Claims Administrator has received over 2,100 timely and 16 late Consent to Join Settlement and Claim Certification Forms. Keough Decl. ¶ 12.

The Class Representative and Class Counsel believe that the $907,566 Settlement (including attorneys' fees/expenses and Class Representatives enhancement awards) is an excellent result given the immediate financial benefit for the Class and the significant litigation risks involved if the Action against Defendant is not compromised.

## ARGUMENT

**I.      THE AWARD OF ATTORNEYS' FEES AND EXPENSES SHOULD BE APPROVED**

**A.      The Fees and Expenses Requested are Reasonable and Have Been Agreed Upon by All Parties**

Best Buy agreed to separately fund a payment of up to $300,000 as attorneys' fees and expenses for prosecuting this action. The payment of this award is separate and apart from the amounts set aside for Class members, and payment of this amount will not affect the amount available for Class members. For prosecuting this action on a fully contingent basis and obtaining a $592,566 settlement and other important non-monetary benefits through discontinuation of the offending practices for Best Buy employees, which has a value of hundreds of thousand dollars per year going forward, all Class Counsel respectfully request that they be awarded as attorneys' fees and expenses in this action is $300,000. These fees and expenses would be paid separately by Best Buy and any alteration by the Court of such amount would not affect the amounts ($241,757 and $350,809) to be paid to current and former employees under the Settlement.

Under the "equitable fund doctrine," first established in *Trustees v. Greenough*, 105 U.S. 527 (1881), a "litigant or a lawyer who recovers a common fund for the benefit of persons other

than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."

*Boeing Co. v. Van Gamert*, 444 U.S. 472, 478 (1980); *In re Second Pennsylvania Real Estate Corp.*, 192 B.R. 663, 666-667 (Bankr. W.D. Pa. 1995) (the common fund doctrine is "applicable where (1) the class of beneficiaries is sufficiently identifiable; (2) the benefits can be accurately traced, and (3) the fee can be shifted with some exactitude to those benefitting") (citation omitted). However, here the award of attorneys' fees and expenses will not diminish the recovery of the Class as whole.

This Court has designated the law firms of Lowey Dannenberg, Egan Young, P.C. and Caldwell Law Office LLC as Class Counsel. Dkt. No. 44. Pursuant to the declaration submitted herewith, the firms have the following lodestars and incurred the following expenses:

| Firm | Hours | Amount | Expenses |
|---|---|---|---|
| Lowey Dannenberg Cohen & Hart, P.C. | 945.55 | $ 445,701.50 | $ 15,268.73 |
| Egan Young | 242.00 | $ 108,900.00 | $ 1,417.91 |
| Caldwell Law Office LLC | 66.00 | $ 29,700.00 | $ 183.88 |
| TOTAL | 1187.55 | $ 554,601.50 | $ 16,870.52 |

Lawrence Decl. ¶ 9. The chart above summarizes the firms' time in both this action and the New York action. Due to the duplicity of discovery and other work relating to the common Defendant, work done with respect to each action benefited the other. Best Buy has by a separate Stipulation and Settlement Agreement agreed to fund a payment of up to $150,000 as attorneys' fees and expenses for prosecuting the New York action. This amount was recently approved by the Court in the New York Action.[2]  *See* Lawrence Decl. Ex. 1.

---

[2] Even the total maximum amount of fees and expenses that Best Buy agreed to fund in both action combined ($450,000) is significantly less than the amount of fees and expenses incurred. Moreover, these fees and expenses would be paid separately by Best Buy and any

The combined lodestar total for the three firms is $554,601.50. The combined expenses for the three firms are $16,870.52. This total amount of $571,472.02 is significantly more than the $450,000 in fees and expenses that Class Counsel is seeking and that Best Buy agreed to pay in the combined New York and Pennsylvania actions. Moreover, any adjustment by the Court to these agreed upon amounts will not affect the amount available to Class members.

Even in viewing the $450,000 as a percentage of the $1,809,976.50 combined cash value of the New York and Pennsylvania settlements it is imminently reasonable because: (i) it constitutes less than 25% of the total cash available for Settlement; (ii) it encompasses both attorneys' fees and expenses and (iii) it is only a small percentage of Class Counsels' actual lodestar and expenses. In addition to the payment to former and current employees, Best Buy agreed to and has changed its practices going forward. These changes ensure current and future employees are properly compensated for their time. When viewed in the context of the change of practice and the value this brings to current and future Best Buy employees, the percentage of the total value created is even smaller.

"The Supreme Court has held that, in the case of a common fund, the fee award should be determined on a percentage-of-recovery basis." *Strougo v. Bassini*, 258 F. Supp. 2d 254, 261 (S.D.N.Y. 2003). The Supreme Court stated, "under the 'common fund doctrine,' ... a reasonable fee is based on a percentage of the fund bestowed on the class." *Blum v. Stenson,* 465 U.S. 886, 900 n.16, 104 S.Ct. 1541, 1550 (1984). The requested amount of attorneys' fees *and expenses,* approximately 25% of the Settlement Fund, is well within the range of awards allowed by courts in this Circuit, particularly in light of the fact that "[e]xpenses are generally considered and reimbursed separately from attorney's fees" and not included in the figure which represents a

---

alteration by the Court of such amount would not affect the amounts to be paid to current and former employees in either settlement.

percentage of a fee award. *In re AT&T Corp.*, 455 F.3d 160, 172 n.8 (3d Cir. 2006) (percentage award was 21.25% of the settlement fund – not including expenses). *See also, e.g., In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 284 (3d Cir. 2009) (percentage of recovery of approximately 30%).

Finally, Class members were apprised in the Class Notice that Class Counsel would seek up to a $300,000 in attorneys' fees and costs. *See* Lawrence Decl. Ex. 2. The deadline for objections was September 9, 2010, no class members have objected to the award of attorneys' fees and costs.

Accordingly, Class Counsel respectfully submits that their request is fair and reasonable and in line with precedents of this Court.

## II.   THE COURT SHOULD APPROVE THE CLASS REPRESENTATIVES' ENHANCEMENTS

The parties have agreed to a modest award of up to $5,000 to each Class Representative to be paid by Best Buy separate from the $592,566 available to pay claims from the Settlement Fund. The Class Representatives assisted considerably in obtaining a favorable result for the Class. Each stepped forward to pursue the litigation on behalf of other Best Buy employees and fulfilled all of their obligations as litigants. Each searched for documents requested by Best Buy, and otherwise responded to litigation needs in this matter.

Courts "routinely award such costs and expenses both to reimburse the named plaintiffs for expenses incurred through their involvement with the action and lost wages, as well as to provide an incentive for such plaintiffs to remain involved in the litigation and to incur such expenses in the first place." *Hicks v. Morgan Stanley*, 01 Civ. 10071, 2005 WL 2757792, at *10 (S.D.N.Y. Oct. 24, 2005).

Class members were apprised in the Class Notice that Class Counsel would seek up to a $5,000 enhancement for each Class Representative. *See* Lawrence Decl. Ex. 2. The deadline for objections is September 9, 2010, and no class members objected to the award of an enhancement to Class Representatives.

Courts have routinely granted awards to class representatives for their role in successful cases. *See e.g. In re Mego Financial Corp. Sec. Litig.,* 213 F.3d 454, 463 (9th Cir. 2000) (affirming incentive awards to class representatives); *In re Dun & Bradstreet Credit Services Customer Litig.,* 130 F.R.D. 366, 374 (S.D. Ohio 1990).

With Class Representative Hall, Keck and Eisenhower's assistance, significant monetary and other benefits have been obtained for Class members. The proposed award to Class Representatives of $5,000 each is reasonable under the circumstances and should be approved.

## CONCLUSION

For the foregoing reasons, including that the payment of these amounts will not affect the amounts received by class members, the lack of opposition and agreement to pay up to these amounts by Best Buy, and the lack of objection by any class members, Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Enhancement Awards for Class Representatives should be granted and the Court enter an order similar to the proposed order attached hereto as Exhibit A.

DATED: October 8, 2010

Respectfully submitted,

LOWEY DANNENBERG COHEN & HART, P.C.

By:  _____/s/ Gerald Lawrence_____
         Gerald Lawrence (GL-9943)
         Jeanne F. D'Esposito (JD-5843)
         One North Broadway, Suite 509

White Plains, NY 10601
Phone:  (914) 997-0500
Fax:     (914) 997-0035
glawrence@lowey.com

Eric L. Young
Egan Young, Attorneys-at-Law
526 Township Line Road, Suite 100
Blue Bell, PA  19422
Phone: (215) 367-5151
eyoung@eganyoung.com

Ann M. Caldwell.
CALDWELL LAW OFFICE LLC
108 W. Willow Grove Avenue
Suite 300
Philadelphia, PA 19118
Phone: 215-248-2030
acaldwell@classactlaw.com

***Attorneys for Plaintiff***

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON HALL, SAMUEL KECK, and PAUL EISENHOWER, on behalf of themselves and all other similarly situated individuals,<br><br>                    Plaintiffs,<br>                         v.<br>BEST BUY CO., INC., BBC INVESTMENT CO., BBC PROPERTY CO., AND BEST BUY STORES, L.P.,<br><br>                    Defendants. | Civil Action No. 07-4724 |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVING ALLOCATION AMONG CLASS MEMBERS,
AWARDING ATTORNEYS' FEES AND EXPENSES AND ENHANCEMENT AWARDS
FOR CLASS REPRESENTATIVES AND ENTERING JUDGMENT AND DISMISSAL**

And now this _____ day of October, 2010, after consideration of the Parties' Joint

Motion for Final Approval of Proposed Settlement and Allocation Among Class Members and

consideration of Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and

Enhancement Awards for Class Representatives, pursuant to Fed. R. Civ. P. 23 (e), the Court

finds that the Joint Stipulation and Settlement Agreement (the "Stipulation") is APPROVED and

it is HEREBY FURTHER ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      Solely for purposes of effectuating this settlement, this Court has certified the

following class (the "Settlement Class"):  All persons who were employed by Best Buy Co.,

Inc. in a non-exempt position at a retail store in Pennsylvania at least one day from October 17,

2003 until November 3, 2009.

2.      The Court finds, for settlement purposes only, that that the Settlement Class meets the requirements for certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

3.      The Court, for purposes of this Order and Judgment, adopts the defined terms as set forth in the Joint Stipulation and Settlement Agreement ("Stipulation") filed in this case.

4.      The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Settlement Class and Defendant.

5.      The Court finds that the distribution of the Notice to Class Members constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully met the requirements of due process.  Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate.  Additionally, the distribution of Revised Notices to 846 class members, to rectify an inadvertent data capture error, also was adequate.

6.      The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, and each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

7.      Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, all of the Released State Law Claims are dismissed with prejudice as to the Class Representatives and the other members of the Settlement Class.  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation and this Order.

8.     All of the Released Federal Law Claims are dismissed with prejudice as to Class Members who have properly submitted a timely Consent to Join Settlement and Claim Certification Form.  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation and this Order.

9.     By this Judgment, the Class Representatives shall release, relinquish and discharge, and each Settlement Class Member who has not validly and timely requested exclusion from the Settlement shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged Best Buy Co., Inc., each of its subsidiaries (whether or not wholly-owned), affiliates (including each such affiliate's parents and subsidiaries), divisions, subdivisions, joint ventures, related companies, predecessors, successors and assigns; and each of each such entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (collectively, the "Best Buy Releasees"), from any and all applicable state and local law claims, obligations, demands, actions, rights, causes of action, and liabilities against the Best Buy Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, by a Class Member that accrued during the State Law Release Period, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, to the extent that such claims are based on one or more of the following categories of allegations:  (a) all claims asserted or which could have been asserted in the Litigation that arose under the facts alleged therein and/or under applicable state and local wage

and hour laws and regulations; (b) all claims under applicable state and local laws and regulations for the failure to pay any type of premium pay or other compensation or wages to Class Members; (c) all claims under applicable state and local laws and regulations for the failure to provide or pay for meal, break, and/or rest periods for Class Members; (d) all claims under applicable state and local laws and regulations for the failure to provide pay for security checks or time waiting for security checks for Class Members; (e) all claims asserted in the Litigation; and (f) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (e) above under any applicable law or regulation (collectively, the "Released State Law Claims"). The Released State Law Claims are the claims meeting the above definition under any and all applicable statutes, regulations or common law. Nothing in this Order shall affect the workers' compensation claims of Plaintiff Eisenhower.

10.    In addition, by this Judgment, the Class Representatives shall release, relinquish and discharge, and each Settlement Class Member who has properly submitted a timely Consent to Join Settlement and Claim Certification Form shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged Best Buy Releasees from any and all federal law claims, obligations, demands, actions, rights, causes of action, and liabilities against the Best Buy Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, by a Class Member who properly submits a timely Consent to Join Settlement and Claim Certification Form based on any and all claims arising under the FLSA for Class Members that accrued during the Federal Release Period, for any type of relief, including without limitation, claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages,

punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief (collectively, the "Released Federal Law Claims").

11.   Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released State Law Claims or Released Federal Law Claims, or of any wrongdoing or liability of Best Buy or any of the Best Buy Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Best Buy or any of the Best Buy Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Best Buy or any of the Best Buy Releasees may file the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.   The only Settlement Class Members entitled to payment pursuant to this Judgment are Class Members who have properly submitted a timely and properly executed Consent to Join Settlement and Claim Certification Form.

13.   In accordance with the terms of the Stipulation, Best Buy has agreed to pay Class Counsel their reasonable attorneys' fees in this matter as well as certain costs and expenses in this matter up to a total amount of $300,000. Best Buy has agreed to pay the Claims Administrator its reasonable fees for its services, and Best Buy has agreed to pay an incentive to each Class Representative to reimburse him for service of $5,000 each or a total amount of $15,000. The Court finds that payment of $300,000 as attorneys' fees and expenses for

prosecuting this action is fair and reasonable, and that a combined incentive payment of $15,000 to the Class Representatives is also fair and reasonable, and Best Buy is further directed to make such payments of these amounts in the manner provided by the Stipulation.

14.     This matter is hereby dismissed with prejudice.  The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and Best Buy for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Stipulation and this Order and Judgment.  This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.


_____
The Honorable Cynthia M. Rufe
United States District Judge