# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON HALL, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION |
| v. | ) NO. 07-cv-4724 |
| | ) |
| BEST BUY CO., INC., *et al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this 24th day of March 2011, upon consideration of the Parties' Joint Motion for Final Approval of Proposed Settlement and Allocation Among Class Members [doc. no. 79], Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Enhancement Awards for Class Representatives [doc. no. 80], the related filings and affidavits of the Parties, and this Court's May 12, 2011 Court Order granting preliminary approval of the settlement agreement [doc. no. 37], and following two fairness hearings held on October 22, 2010 and March 21, 2011, and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that both motions are **GRANTED.**

The Court enters the following findings:

1. This action satisfies the prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure because the class as defined in the Settlement Agreement is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representatives Jason Hall, Samuel Keck and Paul Eisenhower

and Class Counsel so designated by this Court in its May 12, 2010 Order are able to fairly and adequately protect the interests of the Class. Further, questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. The Parties have complied with all aspects of this Court's Order of December 28, 2010, including providing notice of this action and proposed settlement to class members by mail and publication.

3. The notice provided to proposed settlement class members was adequate, as it satisfied the requirements of Due Process and Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure.

4. The Defendants timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005.[1]

5. The Settlement Agreement was reached as a result of arms-length negotiations conducted in good faith by counsel for the Parties, and is supported by the class representatives.

6. The nine factors to be considered in assessing the fairness of a class action settlement are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in

---
[1] 28 U.S.C. § 1715.

light of all the attendant risks of litigation.[2] The Court has considered those factors and finds that the settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the class.

7. Fifty-five Settlement Class Members requested exclusion from the Settlement Class. No objections to the Settlement Agreement or the requested Attorneys' Fees or Enhancement Awards have been filed.

8. An award of Attorneys' fees and costs in the amount of $300,000, and enhancements awards of $5,000 each for Named-Plaintiffs Hall, Keck and Eisenhower, are reasonable.

It is therefore hereby **ORDERED** that:

1. The Settlement Class, defined as follows, is **CERTIFIED** for settlement purposes only:
> All individuals who were employed by Best Buy in a non-exempt position at a retail store in Pennsylvania at least one day from October 17, 2003 to November 3, 2009.

2. All persons within the definition of the Settlement Class, other than those who timely requested exclusion from the settlement class or are otherwise excluded pursuant to the Settlement Agreement, are hereby determined to be the "Settlement Class Members;"

3. The Settlement Agreement, as set forth in the Stipulation [doc. no. 32-1], is approved as fair, reasonable, and adequate, and shall become final.

4. Attorneys' fees and costs of $300,000 are approved and shall be payable in accordance with Section 2.11.1 of the Settlement Agreement.

5. Enhancement awards of $5,000 each for named Plaintiffs Hall, Keck and

---

[2] Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir.1975).

Eisenhower are approved and shall be payable in accordance with Section 2.11.2 of the Settlement Agreement.

6. By this Judgment, Settlement Class Members release state law claims as provided for in Sections 1.41 and 2.10.1 of the Settlement Agreement. Settlement Class Members who timely submitted a Consent to Join Settlement and Claim Certification form release federal law claims as provided for in Sections 1.40 and 2.10.2 of the Settlement Agreement.

7. Consummation of the Settlement Agreement shall proceed as described therein and the Court hereby retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order. The Court retains continuing and exclusive jurisdiction for purposes of supervising the implementation of the Settlement Agreement and to interpret and enforce the terms, conditions, and obligations of this Settlement Agreement and the Court's orders and judgments.

8. Final judgment shall be entered in this action, disposing of the claims of named Plaintiffs Hall, Keck and Eisenhower and the Settlement Class Members against Defendants. This matter is hereby **DISMISSED with prejudice**.

The Clerk of Court shall **CLOSE** this case.

It is so **ORDERED**.

                                        **BY THE COURT:**

                                        **/s/ Cynthia M. Rufe**
                                        **CYNTHIA M. RUFE, J.**